**JUDGE BAER**                    **07 CV   6695**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JAMES SCARBOUGH and CHRISTINE SCARBOUGH,

                        Plaintiff(s),

              -against-

UNITED STATES OF AMERICA, DEPARMTMENT OF
HEALTH AND HUMAN SERVICES, GABRIEL ZATLIN,
MD, THE INSTITUTE FOR URBAN FAMILY HEALHT,
INC. and SIDNEY HILLMAN FAMILY PRACTICE,

                        Defendant(s).
------------------------------------------------------------------X

PLAINTIFFS' VERIFIED COMPLAINT

Case Number:



JUL 25 2007
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiffs by their attorneys HERMAN M. GOLDBERG & ASSOCIATES, LLC, complaining of the defendants respectfully allege as follows:

AS AND FOR A FIRST CAUSE OF ACTION FOR
MEDICAL MALPRACTICE ON BEHALF OF
PLAINTIFF JAMES SCARBOUGH

1. That at all times hereinafter mentioned, at the time of the occurrence hereinafter more particularly set forth, plaintiffs were and still are residents of the County, City and State of New York located in the Southern District of the State of New York.

2. That at all times hereinafter mention, at the time of the occurrence hereinafter more particularly set forth, defendant, UNITED STATES OF AMERICA, is a sovereign.

3. That this action is brought and this Court has jurisdiction under the provisions of the law commonly known as the Federal Tort Claims Act, 28 U.S. Code Sections 1291, 1346(b), 1402, 2401, 2402, 2671-2680.

4. That at all times hereinafter more particularly mentioned, and at the time of the occurrence hereinafter more particularly set forth, defendant, UNITED STATES OF AMERICA, owned, maintained, controlled, managed and operated an agency known as UNITED STATES OF AMERICA, DEPARTMENT OF HEALTH AND HUMAN SERVICES,

5. That on or about the 7th day of January, 2007, plaintiffs duly served a Notice of Claim in accordance with the law, upon the defendant, UNITED STATES OF AMERICA, and more particularly, on its agency defendant, UNITED STATES OF AMERICA, DEPARTMENT OF HEALTH AND HUMAN SERVICES, by a Notice of Claim dated December 28, 2006.

6. That defendant, UNITED STATES OF AMERICA, DEPARTMENT OF HEALTH AND HUMAN SERVICES, has acknowledged receipt of the aforesaid Notice of Claim.

7. That plaintiff, JAMES SCARBOUGH, has not been examined by defendant, UNITED STATES OF AMREICA, DEPARTMENT OF HEALTH AND HUMAN SERVICES, its agents, servants and/or employees in that a notice of hearing to take the testimony of the plaintiff was never served upon him.

8. That defendant, UNITED STATES OF AMERICA, DEPARTMENT OF HEALTH AND HUMAN SERVICES, has declined to make any payment or offer any sum of money by way of adjustment with respect to plaintiffs' claim and has formally rejected same.

9. Upon information and belief, that at all times hereinafter mentioned, and at the time of the occurrence hereinafter more particularly set forth, defendant GABRIEL ZATLIN, MD, was and still is a medical provider, duly licensed to practice as such in the State of New York.

10. Upon information and belief, that at all times hereinafter mentioned, and at the time of the occurrence hereinafter more particularly set fort, defendant, GABRIEL ZATLIN, MD, was and still is affiliated with and /or en employee and/or servant and/or agent of defendant THE INSTITUTE FOR URBAN FAMILY HEALTH, INC.

11. Upon information and belief, that at all times hereinafter mentioned, and at the time of the occurrence hereinafter more particulary set forth, defendant, GABRIEL ZATLIN, MD, was and still is affiliated with and/or an employee and/or servant and/or agent of defendant SIDNEY

HILLMAN FAMILY PRACTICE.

12. Upon information and belief, that at all times hereinafter mentioned, and at the time of the occurrence hereinafter more particularly set forth, defendant, GABRIEL ZATLIN, MD, was and still is affiliated with and/or an employee and/or agent or defendant THE INSTITUTE FOR URBAN FAMILY HEALTH, INC. and/or defendant SIDNEY HILLMAN FAMILY PRACTICE.

13. That at all times hereinafter mentioned, and at the time of the occurrence hereinafter more particularly set forth, defendant, THE INSTITUTE FOR URBAN FAMILY HEALTH, INC., was and still is a medical facility of which plaintiff JAMES SCARBOUGH was a patient.

14. That at all times hereinafter mentioned, and at the time of the occurrence hereinafter more particularly set forth, defendant SIDNEY HILLMAN FAMILY PRACTICE, was and still is a medical facility of which plaintiff JAMES SCARBOUGH was a patient.

15. That at all times hereinafter mentioned, and at the time of the occurrence hereinafter more particularly set forth, defendant THE INSTITUTE FOR URBAN FAMILY HEALTH, INC., was and still is a domestic not-for-profit corporation, duly organized and existing under and by virtue of the laws of the State of New York.

16. That at all times hereinafter mentioned, and at the time of the occurrence hereinafter more particularly set forth, defendant GABRIEL ZATLIN, MD, was an employee of the Public Health Service pursuant to the Federally Supported Health Centers Assistance Act., 42 U.S.C. §233 (g)-(n) (the "FSHCAA).

17. That at all times hereinafter mentioned, and at the time of the occurrence hereinafter more particularly set forth, defendant THE INSTITUTE OF URBAN FAMILY HEALTH, INC., was an employee of the Public Health Service pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233 (g)-(n) (the "FSHCAA").

18. That at all times hereinafter mentioned, and at the time of the occurrence hereinafter more particularly set forth, defendant SIDNEY HILLMAN FAMILY PRACTICE, was an employee of the Public Health Service pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233 (g)-(n) (the "FSHCAA").

19. That at all times hereinafter mentioned, and at the time of the occurrence hereinafter more particularly set forth, defendant GABRIEL ZATLIN, MD was acting within the scope of his office or employment with the defendant UNITED STATES OF AMERICA pursuant to section 2679(d) of Title 28 of the United States Code.

20. That at all times hereinafter mentioned, and at the time of the occurrence hereinafter more particularly set forth, defendant THE INSTITUTE OF URBAN FAMILY HEALTH, INC. was acting within the scope of its office or employment with the defendant UNITED STATES OF AMERICA pursuant to section 2679(d) of Title 28 of the United States Code.

21. That at all times hereinafter mentioned, and at the time of the occurrence hereinafter more particularly set forth, defendant SIDNEY HILLMAN FAMILY PRACTICE was acting within the scope of its office or employment with the defendant UNITED STATES OF AMERICA pursuant to section 2679(d) of Title 28 of the United States Code.

22. That at all times hereinafter mentioned, and at the time of the occurrence hereinafter more particularly set forth, defendant GABRIEL ZATLIN, MD was acting within the scope of his office or employment with the defendant DEPARTMENT OF HEALTH AND HUMAN SERVICES pursuant to section 2679(d) of Title 28 of the United States Code.

23. That at all times hereinafter mentioned, and at the time of the occurrence hereinafter more particularly set forth, defendant THE INSTITUTE OF URBAN FAMILY HEALTH, INC. was acting within the scope of its office or employment with the defendant DEPARTMENT OF

HEALTH AND HUMAN SERVICES pursuant to section 2679(d) of Title 28 of the United States Code.

24. That at all times hereinafter mentioned, and at the time of the occurrence hereinafter more particularly set forth, defendant SIDNEY HILLMAN FAMILY PRACTICE was acting within the scope of its office or employment with the defendant DEPARTMENT OF HEALTH AND HUMAN SERVICES pursuant to section 2679(d) of Title 28 of the United States Code.

25. That during the period of time from July 29 to August 8, 2005 defendant GABRIEL ZATLIN, M.D. undertook to and did render advice, diagnostic and treatment services to the plaintiff JAMES SCARBOUGH with respect to an injury/blister to his left foot at the defendants' facility located at 16 East 16th Street, New York, New York.

26. That during the period of time from July 29 to August 8, 2005, and more particularly on July 29, August 3, August 5 and August 8, 2005 the defendants, their agents, employees and/or licensees undertook to and did render advise, diagnostic and treatment services to the plaintiff JAMES SCARBOUGH with respect to an injury/blister to his left foot at the defendants' facility located at 16 East 16th Street, New York, New York.

27. That the services and advice rendered to plaintiff by defendants, their employees, agents and/or licensees were negligently and carelessly performed and were rendered in a manner which departed from good and accepted medical practice then and there prevailing and constituted professional medical malpractice.

28. That the plaintiffs were free from any contributory negligence.

29. That solely by reason of the aforesaid, plaintiff JAMES SCABOUGH, was rendered sick, sore, lame and disable; was caused to suffer, did suffer, and upon information and belief, will continue to suffer great bodily and mental pain. Upon information and belief, some of plaintiff's

injuries are or a permanent nature.

30. That the defendants, their agents, employees and/or licensees were individually and jointly negligent and deviated from accepted medical practices, customs and standards as follows: In causing, permitting and allowing the development of condition which resulted and caused amputation of plaintiff's leg below the knee; in failing to provide proper care in light of plaintiff's diabetes; in failing to refer the plaintiff for prompt, proper care of this blister.

31. That by reason of the aforesaid, this plaintiff has been rendered sick, sore, lame, maimed and disabled, and so remains. That he has been unable to attend to his usual vocation and activities and that he has been obliged to expend, and will in the future expend sums of money for medical aid and attention.

32. That by reason of the foregoing plaintiff JAMES SCARBOUGH has been damaged in the amount of THREE MILLION and EIGHT HUNDRED THOUSAND DOLLARS ($3,800,000.00)

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF JAMES SCARBOUGH

33. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth at length herewith.

34. At all of the times aforementioned, defendants, their agents, employees and/or licensees who rendered medical diagnosis care, treatment, services and advice to the plaintiff, failed to adequately inform him or his representatives, and failed to warn them of the nature, purpose, known perils, recognized hazards, risks and possible complications of the medical diagnosis, treatment, services and advice rendered to the patient; defendants, their agents, employees and licensees failed to inform the plaintiff regarding the outcome or possible consequences of the medical diagnosis, treatment, services and advice which defendants rendered; defendants, their agents, employees and/or licensees failed to inform the plaintiff or his representatives of any

alternative methods of treatment; defendants, their agents, employees and licensees failed to obtain an informed consent by or on behalf of the plaintiff.

35. A reasonable person in the plaintiff's position would not have undergone the treatment or diagnosis if he had been fully informed, and the lack of said informed consent is a proximate cause of the injuries for which recovery is sought.

36. As a result of the foregoing, the plaintiff was caused to sustain severe and permanent personal injuries, was caused to suffer severe pain and mental anguish, was caused to expend and become obligated to expend sums of money for medical services and related expenses which continue into the future.

37. That by reason of the foregoing, plaintiff JAMES SCARBOUGH has been damaged in the amount of THREE MILLION and EIGHT HUNDRED THOUSAND DOLLARS ($3,800,000.00)

## AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF CHRISTINE SCARBOUGH

38. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth at length herewith.

39. Plaintiff CHRISTINE SCARBOUGH is the lawful spouse of plaintiff JAMES SCARBOUGH and as such was and is entitled to the comfort and enjoyment of society and services of her said spouse.

40. That by reason of the foregoing, plaintiff CHRISTINE SCARBOUGH has been deprived of spouse's companionship, services, solace, consortium, affection and attention to which she is entitled.

41. That by reason of the foregoing, plaintiff CHRISTINE SCARBOUGH, has been damaged in the amount of ONE MILLION DOLLARS ($1,000,000.00).

WHEREFORE, plaintiff JAMES SCARBOUGH demands judgment against the defendant in the sum of THE MILLION and EIGHT HUNDRED THOUSAND ($1,000,000.00) DOLLARS, on the First and Second Causes of Action; and plaintiff CHRISTINE SCARBOUGH demands

judgment against the defendant in the sum of ONE MILLION ($1,000,000.00) DOLLARS, on the Third Cause of Action, together with the costs, disbursements and attorneys' fees in this action.

Dated: New York, New York
       July 19, 2007

JEFFREY J. SHAPIRO
Herman M. Goldberg & Associates, LLC
Attorneys for Plaintiff(s)
18 East 41st Street, Suite 1500
New York, NY 10017
212-684-4878

VERIFICATION BY AFFIDAVIT

STATE OF NEW YORK, COUNTY OF NEW YORK ss:

JAMES SCARBOUGH, being duly sworn, says:

I am a Plaintiff in the action herein:

I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my personal files.

Dated: NEW YORK, NEW YORK
June 23, 2007

_James Scarbough_
JAMES SCARBOUGH

Subscribed and sworn to before me
this 23rd day of June, 2007

_Ninel Yermash_
NOTARY PUBLIC

NINEL YERMASH
Commissioner of Deeds
City of New York
No. 2-11968
Commission Expire 4/1/2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JAMES SCARBOUGH and CHRISTINE SCARBOUGH,         **CERTIFICATE OF MERIT**

                               Plaintiff(s),

                               Case Number:

                -against-

UNITED STATES OF AMERICA, DEPARTMENT OF
HEALTH AND HUMAN SRVICES, GABRIEL ZATLIN,
M.D., THE INSTITUTE FOR URBAN FAMILY HEALTH,
INC. and SIDNEY HILLMAN FAMILY PRACTICE,

                               Defendant(s).
-------------------------------------------------------------------X

       JEFFREY J. SHAPIRO, an attorney duly admitted to practice law in the State of New York affirms the truth of the following:

       I have reviewed the facts of the within action and consulted with a physician, who is licensed to practice in New York State and who is knowledgeable in the relevant issues involved in the within action. Based on this review and consultation, I have concluded there is a reasonable basis for the commencement of this action.

Dated: New York, New York
         July 19, 2007

                                                   JEFFREY J. SHAPIRO