UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
JAMES SCARBOUGH, CHRISTINE        :
SCARBOUGH,                        :      **ECF CASE**
                                  :
              Plaintiffs,         :
                                  :      **ANSWER**
       v.                         :
                                  :      07 Civ. 6695 (HB)
UNITED STATES OF AMERICA,         :
                                  :
              Defendant.          :
------------------------------------------------------------- x

      Defendant United States of America, by its attorney Michael J. Garcia, United States Attorney for the Southern District of New York, answers the complaint on information and belief as follows:

      1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the complaint.

      2. Admits the allegations in paragraph 2 of the complaint.

      3. Paragraph 3 of the complaint contains a legal conclusion, which does not require a response. To the extent a response is required, defendant states that the United States Department of Health and Human Services, Gabriel Zatlin, M.D., the Institute for Urban Family Health, Inc., and Sidney Hillman Family Practice are not the appropriately named parties to this action and should be dismissed, as the United States of America is the only proper defendant under the Federal Tort Claims Act, 28 U.S.C. § 2679(a) ("FTCA").

      4. As to the allegations in paragraph 4, defendant admits only that the Department of Health and Human Services is an agency of the United States of America.

5. As to the allegations in paragraph 5 of the complaint, defendant admits only that the Department of Health and Human Services received a claim for damage, injury, or death on January 3, 2007.

6. Admits the allegations in paragraph 6 of the complaint.

7. Admits the allegations in paragraph 7 of the complaint, and further states that the FTCA does not require the defendant to serve a notice of hearing to take the testimony of the plaintiff.

8. Admits the allegations in paragraph 8 of the complaint.

9. Admits the allegations in paragraph 9 of the complaint.

10. Admits the allegations in paragraph 10 of the complaint.

11. Admits the allegations in paragraph 11 of the complaint.

12. Admits the allegations in paragraph 12 of the complaint.

13. Admits the allegations in paragraph 13 of the complaint.

14. Admits the allegations in paragraph 14 of the complaint.

15. Admits the allegations in paragraph 15 of the complaint.

16. Admits the allegations in paragraph 16 of the complaint.

17. Denies the allegations in paragraph 17 of the complaint, but admits that The Institute for Urban Family Health Care, Inc., was deemed eligible for FTCA coverage pursuant to the Federally Supported Health Centers Assistance Act ("FSHCAA"), 42 U.S.C. § 233(g)-(n), effective July 1, 2001, and its coverage has continued without interruption since that time.

18. Denies the allegations in paragraph 18 of the complaint, but admits that Sidney Hillman Family Practice is one of the delivery sites for The Institute for Urban Family Health,

Inc.

19. Denies the allegations in paragraph 19 of the complaint, but admits that Dr. Zatlin is deemed an employee of defendant.

20. Denies the allegations in paragraph 20 of the complaint, but admits that The Institute for Urban Family Health Care, Inc., was deemed eligible for FTCA coverage pursuant to the FSHCAA, effective July 1, 2001, and its coverage has continued without interruption since that time.

21. Denies the allegations in paragraph 21 of the complaint, but admits that Sidney Hillman Family Practice is one of the delivery sites for The Institute for Urban Family Health, Inc.

22. Denies the allegations in paragraph 22 of the complaint, but admits that Dr. Zatlin is a deemed employee of the United States of America and was acting within the scope of his employment when he treated James Scarbough.

23. Denies the allegations in paragraph 23 of the complaint, but admits that The Institute for Urban Family Health Care, Inc., was deemed eligible for FTCA coverage pursuant to the FSHCAA, effective July 1, 2001, and its coverage has continued without interruption since that time.

24. Denies the allegations in paragraph 24 of the complaint, but admits that Sidney Hillman Family Practice is one of the delivery sites for The Institute for Urban Family Health, Inc.

25. As to the allegations in paragraph 25 of the complaint, admits only that Dr. Zatlin rendered medical care to plaintiff James Scarbough on July 29, 2005, August 3, 2005, August 5,

2005, and August 8, 2005, at Sidney Hillman Family Practice, located at 16 East 16th Street, New York, New York.

26. As to the allegations in paragraph 26 of the complaint, admits only that employees of The Institute for Urban Family Health, Inc., rendered medical care to plaintiff James Scarbough on July 29, 2005, August 3, 2005, August 5, 2005, and August 8, 2005, at Sidney Hillman Family Practice, located at 16 East 16th Street, New York, New York.

27. Denies the allegations in paragraph 27 of the complaint.

28. Denies the allegations in paragraph 28 of the complaint.

29. Denies the allegations in paragraph 29 of the complaint.

30. Denies the allegations in paragraph 30 of the complaint.

31. Denies the allegations in paragraph 31 of the complaint.

32. Denies the allegations in paragraph 32 of the complaint.

33. Incorporates all of its answers to paragraphs 1 through 32 of the complaint.

34. Denies the allegations in paragraph 34 of the complaint.

35. Denies the allegations in paragraph 35 of the complaint.

36. Denies the allegations in paragraph 36 of the complaint.

37. Denies the allegations in paragraph 37 of the complaint.

38. Incorporates all of its answers to paragraphs 1 through 37 of the complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the complaint.

41. Denies the allegations in paragraph 41 of the complaint.

The final unnumbered paragraph of the complaint, which contains plaintiffs' prayer for damages and other remedies, requires no response, but insofar as a response is required, defendant denies that this paragraph states a claim on which relief can be granted.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The injuries or damages, or both, alleged in the complaint were not proximately caused by a negligent act or omission of any employee of the United States acting within the scope and course of employment.

## THIRD DEFENSE

In the event defendant is found negligent, which negligence defendant denies, such negligence is not the cause of fact or proximate cause of alleged damages suffered by the plaintiffs.

## FOURTH DEFENSE

Attorneyss fees taken out of the judgment or settlement are governed by statute. 28 U.S.C. § 2678.

## FIFTH DEFENSE

Defendant is not liable for interest prior to judgment or punitive damages. 28 U.S.C. § 2674.

## SIXTH DEFENSE

Plaintiffs' claim for damages is limited to damages recoverable under 28 U.S.C. § 2674.

## SEVENTH DEFENSE

Plaintiffs have no right to a jury trial. 28 U.S.C. § 2402.

## EIGHTH DEFENSE

Any recovery by plaintiffs is subject to the availability of appropriated funds. 42 U.S.C. § 233(k).

## NINTH DEFENSE

In the event plaintiffs recover a judgment against defendant, such judgment must be reduced pursuant to N.Y. C.P.L.R. LAW § 4545(c) by those amounts that have been or will, with reasonable certainty, replace or indemnify plaintiffs, in whole or in part, for any past or future claimed economic loss, from any collateral source.

## TENTH DEFENSE

Defendant alleges the provision of N.Y. PUB. HEALTH LAW § 2805-d(4) with respect to the cause of action for informed consent.

## ELEVENTH DEFENSE

In accordance with N.Y. C.P.L.R. LAW ART. 14A, defendant reserves the right to assert upon trial of this matter, in mitigation of damages, the culpable conduct attributable to plaintiffs.

## TWELFTH DEFENSE

Plaintiffs are limited to $3,800,000.00, in damages, in the first two causes of action, and $1,000,000.00 in the third cause of action, as these are the amounts set forth in their administrative claim. 28 U.S.C. § 2675(b).

## THIRTEENTH DEFENSE

Defendant asserts that it has, or may have, additional affirmative defenses that are not known to defendant at this time, but which may be ascertained through discovery. Defendant specifically preserves these and other affirmative defenses as they are ascertained through discovery.

**WHEREFORE**, defendant demands judgment dismissing the complaint and such further relief as the Court deems just and proper, including costs.

Dated: New York, New York
October 9, 2007

By:

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York

DAVID BOBER
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, NY 10007
(212) 637-2718